## SPRAGUE *v.* CORNISH.

In an action against a town to recover the price of liquors sold to an agent of the town for the sale of spirituous liquor, the record required by law to be made of the rules and regulations prescribed for the observance of such agent is competent evidence upon the question of the authority of the agent to purchase liquors on the credit of the town; and a person selling liquor to such agent is charged with notice of any limitation of the agent's authority shown by such record.

ASSUMPSIT, to recover the price of liquors sold March 17, 1876, by the plaintiff, as state agent under Gen. St., *c.* 99, to B., as liquor agent of the town of Cornish. The plaintiff's evidence tended to show that B. was acting liquor agent of the town; that the selectmen paid to the town treasurer, February 28, 1877, $59.14 as cash received as profits from the liquor agent, and that B. had then sold most if not all of the liquors, for the price of which this suit is brought. The defendants put in evidence the record of the appointment of B. as liquor agent of Cornish in 1871, and the record of the rules and regulations prescribed for his observance at the time of his appointment, in which he was forbidden to purchase liquors on the credit of the town. There was no record of any subsequent appointment, or of his removal from office. One of the selectmen for 1871 testified that the town furnished B. $180 to start the business when he was appointed liquor agent in 1871; and the selectmen of 1876 and 1877 testified that they had no knowledge or suspicion that B. had bought or was buying liquors on the credit of the town. Some time after the sale of the liquors, the plaintiff took B.'s note for the price, which had not been paid. All the foregoing evidence of the defendants was received, subject to exception. The

plaintiff excepted to the instructions of the court to the jury, that if there was no appointment of liquor agent, and no instructions given subsequent to those of 1871, and no removal of B. from office, and he acted from that time continuously as liquor agent, then the appointment and instructions of 1871 were in force at the time'of the sale by the plaintiff, and being recorded he was bound by them; that he could not recover of the town the price of the liquors, because the town had received the avails of them, unless the town had or was chargeable with notice that they were purchased on its credit.    Verdict for the defendants.

*Parker* and *Wait*, for the plaintiff.

*Cushing* and *Colby*, for the defendants.

CLARK, J.    If B. was the agent of the town in March, 1876, when the liquors were purchased of the plaintiff, it was by virtue of his appointment in 1871, and holding over without removal or other appointment being made.    Gen. St., *c.* 99, *s.* 6; *Johnston* v. *Wilson*, 2 N. H. 202, 208.    The certificate of his appointment, with the rules and regulations prescribed for his observance, were required by law to be recorded (Gen. St., *c.* 99, *s.* 12); and the record, being required by law to be made, was competent evidence upon the question of the authority of the agent to purchase liquors on the credit of the town, and notice of the extent of his authority to all persons dealing with him.    By the terms of his appointment, the agent was prohibited from purchasing liquors on the credit of the town.    The town could legally impose this limitation upon the agent's power, and the plaintiff is chargeable with notice that the agent had no authority to bind the town by a purchase of the liquors on credit.    *Backman* v. *Charlestown*, 42 N. H. 125.

The plaintiff claims that the unauthorized purchase by the agent was subsequently ratified by the town by receiving the proceeds of the sale of the liquors so purchased.    The evidence does not sustain this position.    It appears that in February, 1877, the town received from the agent $59.14, as profits from the sale of liquor; but it does not appear that this sum, or any'portion of it, was received from the sale of the liquors purchased of the plaintiff.    *West* v. *Errol*, 58 N. H. 233.    Neither does it appear that the town had knowledge that any liquors had been purchased on credit when the $59.14 was received from the agent; and upon this point the testimony of the selectmen was properly admitted.    To render a ratification of an unauthorized act of an agent binding upon the principal, it must be made or founded upon a full knowledge of all the material facts and circumstances affecting the interests of the principal.    Implied ratifications extend only to such acts of the agent as are known to the principal at the time.    Story on Agency 252–260; 1 Wait Actions and Defences 233; *Thacher* v. *Pray*, 113 Mass. 291;

*Thorndike* v. *Godfrey*, 3 Greenl. 429; ·*Smith* v. *Kidd*, 68 N. Y. 130; *Busby* v. *Ins. Co.*, 40 Md. 572.

*Judgment on the verdict.*

ALLEN, J., did not sit : the others concurred.